UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| JOSE BARROSO; ANNA ANGELICA M. COSTA; and RAISSA M. COSTA<br>    Plaintiffs<br><br>v.<br><br>MICHAEL CHERTOFF<br>Secretary, U.S. Department of Homeland Security;<br>EDUARDO AGUIRRE, JR.<br>Director, U.S. Citizenship And Immigration Services,<br>DENIS RIORDAN, Boston District Director, U.S. Citizenship and Immigration Services<br>    Defendants | Civil Action: 05-10651 DPW |

AMENDED COMPLAINT FOR MANDAMUS

I. INTRODUCTION

The Plaintiffs, by and through their undersigned attorney, bring this civil action for mandamus to compel Defendants and those acting under them to rule upon the Applications for Adjustment of Status to Lawful Permanent Resident ("I-485 Applications") duly filed by the Plaintiffs on or June 6, 2002.

1

## II. THE PARTIES

1. The Plaintiff Jose M. Barroso (A95-471-008) (the "Plaintiff" or "Mr. Barroso") is a native and citizen of Brazil, who currently resides at 65 Blueberry Lane, E. Falmouth, MA.

2. The Plaintiff, Ana Angelica M. Costa (A95-473-471), is Mr. Barroso spouse and currently resides at 65 Blueberry Lane, E.Falmouth, MA.

3. The Plaintiff, Raissa M. Costa (A95-471-006) is the are Mr. Barroso's and Mrs. Costa's minor child, who currently resides at 65 Blueberry Lane, E. Falmouth, MA.

4. The Defendant, Michael Chertoff, is the Secretary of the U.S. Department of Homeland Security ("DHS"), and this action is brought against him in his official capacity. He is charged with enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate such powers and authority to subordinate employees of DHS, including, but not limited to, the U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the agency within DHS to whom the Secretary's authority regarding the adjudication of I-485 application has in part been delegated, and is subject to the Secretary's supervision.

5. The Defendant, Eduardo Aguirre, Jr., is the Director of USCIS and this action is brought against him in his official capacity. He is the official generally charged with supervisory authority over all operations of USCIS. In

particular, he is responsible for the adjudication of applications by aliens to adjust status, pursuant to § 245 of the INA (8 U.S.C. § 1255).

6. The Defendant, Denis Riordan, is the Director for the Boston District Office of USCIS and this action is brought against him in his official capacity. He is the official generally charged with supervisory authority over all operations of USCIS within his district with certain specific exceptions not relevant here. As will be shown, Defendant District Director is the official directly charged with adjudicating Plaintiffs' applications for adjustment of status.

### III. JURISDICTION AND VENUE

7. This is a civil action brought pursuant to 28 U.S.C. Sec. 1361 (the Mandamus Act) 28 U.S.C. 1331 (Federal Question Statute) and 5 U.S.C. Sec. 551 *et. seq.* (Administrative Procedures Act) to compel the Defendants and those working under them to perform a duty that they owe to the Plaintiffs.

8. Costs and fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412(d), et seq.

9. Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where, upon information and belief, a Defendant resides and where a substantial part of the

events or omissions giving rise to Plaintiffs' claim occurred. More specifically, an interview was conducted regarding Plaintiffs' application for adjustment of status at the Boston District Office of USCIS, and, to Plaintiffs' knowledge, remains pending there.

## IV.  REMEDY

10. Mr. Barroso, his wife, Ana Angelica M. Costa, and Raissa M. Costa (collectively, the "Plaintiffs") are seeking an order to compel the Defendants and those working under them to adjudicate the Plaintiffs' pending applications for Adjustment of Status and an award of reasonable attorney's fees and costs associated with bring said action.

## V.  STATEMENT OF THE FACTS

11. On or about June 6, 2002, the Plaintiffs filed an Application for Adjustment of Status to Lawful Permanent Resident (I-485) with the INS (now USCIS) Service Center in St. Albans, VT, which is the proper filing place for employment-based I-485 Applications. Copies of the I-485 Applications are attached hereto as Exhibit A (Mr. Barroso's application), Exhibit B (Mrs. Costa's application, and Exhibit C (Raissa Costa's application).

12. Mr. Barroso's I-485 Application was based upon an approved immigrant visa petition ("I-140") filed on his behalf by his employer. A copy of the I-140 Approval Notice is attached hereto as Exhibit D.

4

13. Mrs. Costa and Raissa Costa were eligible for Adjustment of Status as a derivative beneficiaries, i.e., the spouse and child, of Mr. Barroso.

14. Through the filing of the I-485 Applications, the Plaintiffs were seeking adjustment to lawful permanent resident status a/k/a a "Green Card". They are eligible to apply for such status as a result of the approval of an I-140 visa petition filed on the Mr. Barroso's behalf by his employer.

15. On or about October 21, 2004, the Defendants through their designated agent (USCIS Examinations Officer Tiberi) interviewed the Plaintiffs on their Applications at the USCIS Regional Office in Boston, Massachusetts.

16. Officer Tiberi made no decision on the application at the time of the interview because she claimed that a computer check showed that there was another alien that had the same name and parents as the Lead Alien. She further indicated that there would be no decision on the Plaintiffs' Application until she could resolve the matter.

17. As of the date of this complaint, there has been no decision issued by the Defendants on the Plaintiffs' Applications for Adjustment of Status.

18. The Plaintiffs, through Counsel, have made repeated efforts to secure a decision from USCIS. For example, in addition to telephone inquiries, they sent a written request for

      adjudication to USCIS on December 2, 2004. A copy of said letter is attached hereto as <u>Exhibit E</u>.

19. USCIS, has failed to respond to the Plaintiffs' request for adjudication in any manner whatsoever.

20. The Plaintiffs have no administrative remedies available.

21. The Defendants have arbitrarily, willfully and unreasonably delayed the adjudication of the Plaintiffs' Applications.

22. As a result of the Defendants' willful and unreasonable delay in adjudicating Plaintiffs' Applications, Plaintiffs have been prejudiced. Until the Applications are adjudicated, the Plaintiffs are unable to travel overseas to visit their family, unable to plan for the future, unable to accrue time as lawful permanent residents for eventual qualification for U.S citizenship, and are constantly fearful that they will suffer deportation at some future date.

23. The Plaintiffs have been further damaged in that their employment authorization is tied to their status as applicants for permanent residency and is limited to increments not to exceed one year. Therefore, the Plaintiffs will be forced to repeatedly apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of Plaintiffs.

24. The Defendants owe the Plaintiffs the duty to act upon their Applications for Adjustment of Status and have unreasonably failed to perform that duty.

25. No other remedy exists for Plaintiffs to resolve Defendants' delay.

WHEREFORE, the Plaintiffs pray that this Honorable Court:

1) Order the Defendants to have their agents rule upon the Applications filed by the Plaintiffs; and

2) Grant such other and further relief as this Honorable Court deems proper under the circumstances; and

3) Grant attorney's fees and costs of this action pursuant to the Equal Access to Justice Act ("EAJA").

> The Plaintiffs
> Jose M. Barroso
> Ana Angelica M. Costa
> Raissa M. Costa
> By their Attorneys
>
> _____
> Susan E. Zak
> BBO 568044
> LAW OFFICE OF JOHN K. DVORAK
> P.O. Box 8788
> Boston, MA 02114

C:\MyDocuments\Court\mandamus-barroso.4101.doc

## CERTIFICATE OF SERVICE

    I, Susan E. Zak, Attorney for the Plaintiffs hereby certify that on July 6, 2005  I served a copy of the Plainttiffs' First Amended Complaint for Mandamus via first-class mail  to:

Mark Grady
U.S. Attorney General Office
United States Federal Court
1 Courthouse Way
Suite 9200
Boston, MA 02210

                                                  _____
                                                  Susan E. Zak, Esq.
                                                  LAW OFFICE OF JOHN K. DVORAK, P.C.
                                                  P.O. Box 8788
                                                  180 Canal Street, 4th Floor
                                                  Boston, MA 02114

Date: 7/6/05