UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JOSE BARROSO, et al.,                               )
                                                    )
                    Plaintiffs,                     )
                                                    )        C.A. NO. 05-10651-DPW
V.                                                  )
                                                    )
MICHAEL CHERTOFF, et al.,                           )
                                                    )
                    Defendants.                     )
_____)

**<u>DEFENDANTS' STATEMENT OF MATERIAL FACTS OF RECORD</u>**

Pursuant to Local Rule 56.1, respondent, defendants Michael Chertoff, Secretary of Homeland Security, <u>et al.</u>, hereby provides the following statement of material facts of record as to which there is no genuine issue to be tried.

1.  When a person applies to the United States Citizenship and Immigration Services ("USCIS") for adjustment of status to lawful permanent resident, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that he or she is not a risk to national security or public safety. <u>See</u> Declaration of Denis Riordan ("Riordan Decl.") at 1.

2.  USCIS also conducts investigations into the bona fides of petitions or applications that have been filed when the need arises, both to maintain the integrity of the application process and to ensure that there is no fraud in the application process. <u>Id</u>.

3.  Plaintiff Jose Barroso is a native and citizen of Brazil. <u>See</u> First Amended Complaint for Mandamus ¶ 2.

4.  Plaintiffs Angelica Costa and Raissa Costa are also natives and citizens of Brazil and are the spouse and daughter of Plaintiff Barroso, respectively.

5.  On June 6, 2002, Plaintiff John Barroso filed an I-485 Application for Adjustment of Status to Lawful Permanent Resident, which was was based upon an approved immigrant visa petition ("I-140") that was filed on his behalf by his employer.  Id., ¶¶ 10, Exhibit A.

6.  Plaintiffs Angelica and Raissa Costa assert eligibility for adjustment of status as derivative beneficiaries of their familial relationship with Plaintiff Jose Barrosa.  Id.  ¶ 13, Exhibits B, C.

7.  Plaintiff Barosso's current employer, Oysters Too, filed an Application for Alien Employment Certification with the United States Department of Labor on his behalf, which was supported by a document indicating that Plaintiff Barroso had prior work experience in Brazil as a cook.  See Riordan Decl. at 1-2.

8.  The Alien Employment Certification was granted by the Department of Labor on November 20, 2001, and filed with the former Immigration and Naturalization Service ("INS") in connection with an employment-based visa petition on February 27, 2002, and the visa petition was subsequently approved by the INS on April 24, 2002.  Id., at 2.

9.  Subsequent to these events, a question has arisen as to whether plaintiff did, in fact, have the necessary work experience in Brazil to qualify him for the labor certification granted by the Department of Labor.  Id.

10.  On March 10, 2005, USCIS sought information, through diplomatic channels, to determine whether Plaintiff Barroso had the necessary work experience in Brazil that would qualify him for the labor certification granted by the Department of Labor.  Id.

11.  As of September 6, 2005, the requested information relevant to the investigation has not yet been obtained.  <u>Id</u>.

<div style="margin-left: 50%;">

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Michael Sady
    MICHAEL SADY
    Assistant United States Attorney
    United States Attorney's Office
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    617-748-3100

</div>

Dated: 9/15/05